UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MUJO AVDIC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:12-1154 |
| v. | ) | Judge Campbell/Brown |
| | ) | **Jury Demand** |
| THOMAS & BETTS CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

**TO:  THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Presently pending is the Defendant's motion to enforce a settlement agreement they contend was entered into between the Defendant and the Plaintiff (Docket Entry 49). For the reasons stated below the Magistrate Judge recommends that the settlement agreement be enforced and that upon certification by the Defendant that the amount agreed upon has tendered to the Plaintiff, that this case be dismissed with prejudice with each side to bear their own costs.

### BACKGROUND

The Plaintiff, represented by counsel, filed his complaint on November 7, 2012 (Docket Entry 1). An amended complaint was subsequently filed on November 28, 2012 (Docket Entry 6). As summarized in the initial case management order (Docket Entry 15) the Plaintiff's theory of the case was:

> Plaintiff, Mr. Avdic, began his employment with the defendant as a finisher on March 30, 2000. His date of birth is February 18, 1949. During his employment he suffered two work-related injuries, in 2008 and 2011. When he returned to work after the injury in 2011, Mr.

> Avdic, on the advice of his doctor, requested to work at a different work station. He was reassigned to a different work station, but later called to the manager's office and told his injury was not considered work-related and he was assigned back to his original work station, where he had been injured.
>
> Mr. Avdic asked again to be reassigned to the previous work station, and his request was denied. He asked Human Resources to intervene, but was told there were no openings at a different work station. However, Defendant later filled the position at the previous work station Mr. Avdic was working, after his injury, with a younger, non-disabled employee. He remained at the work station where he was injured until his termination, which was allegedly due to his poor job performance. In fact he was intentionally and unfairly discriminated against on the basis of age and perceived disability.

The Defendant denied liability in the matter and a scheduling order was entered (Docket Entry 15). Subsequently, the matter was set for trial on April 22, 2014, before Judge Campbell (Docket Entry 16). This date was later changed December 2, 2014 (Docket Entry 43).

The case encountered some difficulties with scheduling deadlines and an unsuccessful effort to schedule mediation (Docket Entry 27). Subsequently, the Defendant's notified the Magistrate Judge that he believed they had reached a settlement in the matter and requested an unopposed extension of certain deadlines to complete the resolution (Docket Entry 28). The motion was granted (Docket Entry 29).

The Defendant subsequently notified the Magistrate Judge on October 28, 2013, that they had not received final confirmation of the settlement from Plaintiff's counsel (Docket Entry 30).

2

Counsel for the Plaintiff immediately filed a motion to withdraw on the grounds that the Plaintiff had become nonresponsive to counsel's attempt to contact him and the Plaintiff had been given 14 days' notice of the intent to file a motion to withdraw (Docket Entry 31).

Judge Campbell allowed Plaintiff's counsel to withdraw and granted the Plaintiff until December 16, 2013, to obtain new counsel or the Plaintiff would be deemed as proceeding *pro se* (Docket Entry 32).

The Magistrate Judge set a case management conference in this matter for December 18, 2013, to discuss the status of the case and whether a settlement had been reached (Docket Entry 33).

A case management conference was held in the matter on December 18, 2013. At that time the Plaintiff appeared with his son and advised that he had not been able to secure an attorney to represent him at the hearing. Counsel for the Defendant advised that they had canceled the second day of the depositions because Plaintiff's counsel advised that they had a settlement and that Mr. Allman, acting as attorney for the Plaintiff, had accepted the settlement agreement. The Plaintiff advised that he had not agreed to settlement in the case.

The Magistrate Judge allowed the Plaintiff until January 31, 2014, to see if he could secure the services of an attorney, and allowed the Defendant until January 31, 2014, to file a motion

to enforce the settlement agreement. The Plaintiff was granted 28 days to respond to a motion to enforce the settlement agreement and was advised that if the motion was filed early the response and reply dates would be moved up accordingly (Docket Entry 41).

The Defendant filed the present motion to enforce the settlement agreement on December 31, 2013, along with a supporting memorandum (Docket Entry 49 and 50).

As of the date of this report and recommendation the Plaintiff has not secured the services of an attorney nor has he responded to the motion to enforce the settlement agreement. Under Local Rule 7.01 the failure to file a timely response shall indicate there is no opposition to the motion. Despite the passage of over 60 days the Plaintiff has not responded to the motion to enforce.

Nevertheless, the Magistrate Judge feels compelled to examine the motion to insure that it has merit, despite the lack of a response. In the memorandum the Defendant attached an August 27, 2013, letter offering to resolve this matter (Docket Entry 50-2). The offer was simple and straightforward: "Thomas & Betts is willing to offer payment of $1,000 in exchange for a full and final release and dismissal of the present lawsuit."

The response dated August 29, 2013 (Docket Entry 50-3) from the Plaintiff's counsel, Mr. Allman, was likewise quite clear: "I have received your letter of August 27, 2013, and reviewed the

4

same with my client. My client is agreeable to settling his lawsuit pursuant to the terms of your letter on the condition that each party will bear their own costs and attorneys' fees in this matter."

The response to this communication, dated August 29, 2013, fully accepts the counter-proposal that each side will bear their own costs and attorneys' fees in this matter (Docket Entry 50-4).

Based on this agreement depositions scheduled for early September were cancelled, and on September 13, 2013, Mr. Allman's office advised that the Plaintiff would be coming in to sign the agreement (Docket Entry 50-7). Unfortunately, it appears at this point that communications between Plaintiff and his counsel broke down and the Plaintiff never formally signed the settlement agreement or executed a release.

Even though the Plaintiff did not personally communicate with the Defendant or sign an agreement:

> Generally, when a client hires an attorney and holds him out as counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter [citations omitted] thus a third party who reaches a settlement agreement with an attorney employed to represent his client in regard to settle a claim is generally entitled to enforcement of the settlement agreement even if the attorney was acting contrary to the client's express instructions. In such a situation the client's remedy is to sue his attorney for professional malpractice. The third party may rely on his attorney's apparent authority unless he has reason to believe that

>     the attorney has no authority to negotiate a
>     settlement.

*Capital Dredge and Dock Corp. v. Detroit*, 800 F.2d 525, 530-31 (6th Cir. 1986).

The Court has the authority to enforce a settlement agreement where the parties have entered into settlement of litigation pending before the Court. *Thies v. Life Ins. Co. of North America*, 2013 WL 6800675, *2 (W.D. Kentucky 2013). "Settlement agreements are a type of contract and are governed by contract law generally." *Bamerilease Capital Corp. v. Nearburg*, 958 F. 2d. 150, 152 (6th Cir. 1992).

Under Tennessee law a contract may be either expressed or implied, written or oral, but while a contract may be either expressed or implied, written or oral, it must result from a meeting of the minds of the parties in mutual assent to the terms based on sufficient consideration, and free from fraud or undue influence and not against public policy and sufficiently definite to be enforced. *Johnson v. Cent. National Insurance Co.,* 210 Tenn. 24, 34-35 (TN 1962).

In this case, from a reading of the exhibits as summarized above, it is clear that there was as a definite offer, acceptance, and the terms of the agreement were clear. The Plaintiff has provided no evidence that his attorney did not have authority to settle the case. There is absolutely no evidence the

Defendant had any reason to doubt the authority of Plaintiff's counsel to enter into an agreement.

In this case, as the Defendant points out, Plaintiff's acceptance of the settlement offer was communicated to the Defendant by his attorney on both August 29 and September 13, 2013. It was only on December 18, 2013, at a case management conference, after the Plaintiff had not secured services of an attorney, that he stated that he did not agree to the settlement.

Under these circumstances, the Magistrate Judge believes that there was a settlement in this matter, and the Plaintiff is bound by the clear terms of the settlement.

## RECOMMENDATION

Therefore, upon presentation of evidence that the Defendant has tendered to the Plaintiff the agreed settlement amount, the Magistrate Judge recommends that this case be dismissed with prejudice with each side to bear their costs.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of March, 2014.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge